CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



December 23, 2019

Stephen F. Shea, Esq.
801 Roeder Road, Suite 550
Silver Spring, MD 20910

Cassia W. Parson, Esq.
Special Assistant United States Attorney
Social Security Administration,
Office of General Counsel
6401 Security Blvd.
Baltimore, MD 21235

Subject: *Tiffany J. v. Saul*
Civil No.: 8:18-cv-03249-GLS

Dear Counsel:

Pending before this Court are cross-motions for summary judgment. (ECF Nos. 13, 14). A court must uphold the Social Security Administration's ("SSA" or "the Agency") decision if it supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3)(2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Chater*, 76 F.3d at 589. A court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. (*Id.*). Upon review of the pleadings and the record, this Court finds that no hearing is necessary. Local Rule 105.6. For the reasons set forth below, both Motions are **DENIED** and the SSA's judgment is remanded for further consideration.

### I. BACKGROUND

Plaintiff filed a Title II Application for Disability Insurance Benefits and Title XVI application for Supplemental Security Income Benefits on January 2, 2015, alleging a disability onset date of November 19, 2014. (Tr. 16). The SSA denied Plaintiff's application initially on April 17, 2015 and upon reconsideration, denied it again on August 21, 2015. (*Id.*). The Administrative Law Judge ("ALJ") granted Plaintiff's request for a hearing and conducted it on June 22, 2017. (*Id.*). On November 16, 2017, the ALJ issued a decision finding the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 16-27). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final, reviewable decision of the Agency. (Tr. 1-5).

## II.   ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

In deciding to deny Plaintiff's claim, the ALJ followed the five-step sequential evaluation process regarding disability set forth in 20 C.F.R. § 416.920. *See also Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ were as follows: step one, assess whether Plaintiff engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether Plaintiff's impairments met the severity and durations requirements found in the regulations; step three, ascertain whether Plaintiff's medical impairment met or equaled an impairment listed in the regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. ("the Listings"); step four, analyze whether Plaintiff could perform her past work, given the limitations caused by her impairments; and at step five, analyze whether Plaintiff could perform any work. (Tr. 31-40). Because the first three steps did not yield a conclusive determination, the ALJ also assessed Plaintiff's Residual Functional Capacity ("RFC")—i.e., the "most the claimant 'c[ould] still do despite, physical and mental limitations that affect[ed] her ability to work"—by considering all of Plaintiff's medically determinable impairments, regardless of their severity. *See Mascio*, at 635 (quoting 20 C.F.R. § 416.945(a)(1)). Per *Mascio*, Plaintiff bore the burden of proof through the first four steps of the sequential evaluation process. 780 F.3d at 636. Upon making the requisite showing, the burden shifted to the Agency at step five to prove that Plaintiff could perform other work that "exist[ed] in significant numbers in the national economy," in light of her "[RFC], age, education and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

Here, the ALJ found that Plaintiff suffered from the following severe impairments beginning on November 19, 2014: lupus and peripheral neuropathy. (Tr. 18). Recognizing those severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; never climbing ladders, ropes, or scaffolds; frequently handling objects with the right upper extremity; and the claimant must avoid concentrated exposure to hazards such as moving machinery and unprotected heights. (Tr. 21).

At the hearing, a vocational expert ("VE") testified about whether a hypothetical person with the same limitations as the Plaintiff could perform Plaintiff's prior work as a Pharmacy Technician. (Tr. 55). The VE testified that the hypothetical person could not perform Plaintiff's prior work but could perform other work existing in significant numbers in the national economy, e.g., a document preparer, a charge account clerk, and a call out operator. (Tr. 57). Therefore, the ALJ found that the Plaintiff was not disabled. (Tr. 27).

## III.  DISCUSSION

On appeal to this Court, Plaintiff asserts that the ALJ committed several prejudicial errors in evaluating the Plaintiff's mental impairments and in fashioning her RFC by failing to: (1) evaluate the cumulative effects of all of Plaintiff's impairments; and (2) explain why Dr.

Worthing's treating source opinions were only accorded "partial weight." (ECF No. 13, pp. 3-9). In addition, Plaintiff argues that the ALJ failed to evaluate Plaintiff's subjective complaints regarding her pain. (ECF No. 13, pp. 10-12). I find that remand is appropriate, for the reasons set forth immediately below.

When assessing a claimant's RFC, the regulations require that an ALJ consider all the claimant's medically-determinable impairments, including any medically-determinable impairments that are not "severe." 20 C.F.R. § 416.925(a)(2). The ALJ is to consider any inconsistency between the evidence and the extent to which there are any conflicts between a claimant's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4). An ALJ will determine if a claimant's symptoms will diminish his or her capacity for basic work activities, subject to the symptoms being consistent with the objective medical evidence and other evidence. *Id.* The RFC determination should include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *7 (July 2, 1996). Accordingly, a "proper RFC analysis contains three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). *See also Petry v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-464, 2017 WL 680379, at *2 (D.Md. Feb. 21, 2017) (the ALJ should build "an accurate and logical bridge from the evidence to his conclusion").

First, Plaintiff asserts that the ALJ failed to evaluate the cumulative effects of all of her impairments, both those found to be "severe" and those that were not severe. (ECF No.13, pp. 3-7). Relatedly, Plaintiff argues that, given Plaintiff's combination of impairments, the ALJ failed to address Plaintiff's ability to "sustain work-related activity, eight-hours per day, five days per week." (*Id*. at p. 10).

According to 20 C.F.R. § 416.920, step two of the sequential evaluation process requires the ALJ to consider the severity of an impairment, both individually and in combination with a claimant's other impairments. *See also* 20 C.F.R. § 416.923("we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."). Fourth Circuit precedent also provides that an ALJ must evaluate the combined effects of Plaintiff's impairments and must adequately explain his evaluation. *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989) (ALJ must make a particularized finding on the effect of the combination of impairments). *Hines v. Bowen*, 872 F. 2d 56 (4th Cir. 1989). In *Cook v. Heckler*, 783 F.2d 1168, 1174 (4th Cir. 1986), the ALJ evaluated claimant's arthritis and mental illness independently from each other and found that none of the impairments was "severe" enough to match or equal the appropriate Listing. On appeal, the Fourth Circuit found that the ALJ failed to evaluate the combined effects of claimant's impairments. The Fourth Circuit held that although the ALJ adequately discussed the evidentiary record for claimant's arthritis and mental illness separately, the ALJ failed to make "a specific and well-articulated finding as to the effect of the combination of impairments." *Id*. at 1174. Moreover, the Fourth Circuit opined that "wholly independent evaluations of the severity of [claimant's] [impairments]" are insufficient and remand is required. *Id*. at 1175.

In essence, Defendant argues that the ALJ clearly reviewed the evidence because the ALJ cited to Plaintiff's treatment records. Defendant further argues that the ALJ considered the combined effects of Plaintiff's multiple impairments and evaluated Plaintiff's testimony. In addition, Defendant avers that the ALJ comprehensively reviewed the medical and psychological reports and determined Plaintiff's RFC based on medical and non-medical evidence. (ECF No. 14, pp. 9-10).

In the instant case, the ALJ committed the same error as the ALJ did in *Cook v. Heckler*. According to the medical evidence, Plaintiff has the following non-severe impairments: obesity; bilateral knee disorder; constipation, gastritis, and bloating; inguinal hernia; hypermobility; Ehlers-Danlos syndrome; syncope and dysautonomia orthostatic hypertension; fibromyalgia; and affected mood disorder. (Tr. 18-19). In addition, the record reflects that the ALJ independently evaluated Plaintiff's two severe impairments—lupus and peripheral neuropathy. The ALJ found that neither of the severe impairments, individually, met or equaled the requirements set forth in the Listings. (Tr. 21). The ALJ failed to clearly articulate that he/she did, in fact, evaluate the combined effect of all of Plaintiff's severe and non-severe impairments. Indeed, in Section 4, the ALJ fails to even mention that the ALJ considered the non-severe impairments. (Tr. 21). The Court is unable to discern from the ALJ's opinion what effect all of Plaintiff's impairments has on her ability to do work-related activities. Thus, I cannot find that the ALJ's findings are supported by substantial evidence. Therefore, remand is necessary.

Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ should review his analysis of Plaintiff's subjective complaints of pain, and her ability to perform daily activities. Similarly, the ALJ should ensure that an adequate explanation is given regarding why the ALJ afforded "partial weight" to Dr. Worthing's opinion.

Despite remanding the case for further findings consistent with this opinion, I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits is correct.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 13), is **DENIED** and Defendant's Motion for Summary Judgment, (ECF No. 14), is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further analysis consistent with this opinion. The clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge